1

2

3

4

5

6

7

8

9

10

**FILED**

JUL 22 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  KEVIN DEVON NEWSOME, | No. C 15-1139 LHK (PR) |
| 12  Plaintiff, | ORDER DISMISSING CASE |
| 13  vs. | WITH LEAVE TO AMEND; DENYING REQUESTS FOR |
| 14  DR. STEVEN POSSON, et al., | APPOINTMENT OF COUNSEL |
| 15  Defendants. | |

16

17

18

19

20

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint

pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a

separate order. For the reasons stated below, the court dismisses the complaint with leave to

amend.

**DISCUSSION**

21

22

23

24

25

26

27

28

A.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §

1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1 | *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2 |     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 | (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 | the alleged deprivation was committed by a person acting under the color of state law. *West v.*
5 | *Atkins*, 487 U.S. 42, 48 (1988).

6 | B.     Plaintiff's Claims

7 |     According to the complaint, plaintiff suffers from neurofibromatosis. Defendant Dr.
8 | Steve Posson was plaintiff's primary care physician at Salinas Valley State Prison ("SVSP").
9 | Plaintiff asserts that Dr. Posson and defendant Dr. John Dunlap recommended that plaintiff
10 | return to a previous facility for a consultation and surgery. Plaintiff alleges that defendants knew
11 | that the recommended facility did not have a contract to care for California state prisoners.
12 | Plaintiff also alleges that Dr. Dunlap gave his consent for plaintiff to be transferred from SVSP
13 | to California State Prison - Lancaster for an examination and operation. However, plaintiff
14 | states that upon his arrival at California State Prison - Lancaster, he has been transferred from
15 | one person to another, and he has not seen a doctor.

16 |     Deliberate indifference to serious medical needs violates the Eighth Amendment's
17 | proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104
18 | (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*,
19 | *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison
20 | official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious
21 | harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*,
22 | 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the
23 | inference could be drawn that a substantial risk of serious harm exists," but he "must also draw
24 | the inference." *Id.* A claim of medical malpractice or negligence is insufficient to establish a
25 | violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir.
26 | 2004).

27 |     As currently pled, plaintiff's complaint fails to state a claim for relief. Plaintiff's claim
28 | that Drs. Posson and Dunlap recommended that plaintiff return to a previous facility for

1 consultation and surgery even knowing that the facility was not a contracted facility does not
2 give rise to a reasonable inference that defendants' action resulted in harm to the plaintiff. *See*
3 *McGuckin*, 974 F.2d at 1060. There is no allegation that defendants knew plaintiff would be
4 prohibited from going to a non-contracted facility (or that plaintiff was, in fact, prohibited from
5 going to a non-contracted facility), or that Drs. Posson and Dunlap recommended plaintiff return
6 to a non-contracted facility *knowing* that plaintiff would not be able to go there. Plaintiff's
7 allegation that Dr. Dunlap consented to plaintiff's transfer from SVSP to California State Prison
8 - Lancaster also does not give rise to a reasonable inference that Dr. Dunlap did so knowing that
9 plaintiff would be transferred from person to person and experience delays in seeing a doctor.
10 Again, there is no indication that Dr. Dunlap did so purposefully, knowing that plaintiff would
11 face a substantial risk of serious harm. *See McGuckin*, 974 F.2d at 1060.

12     If plaintiff can do so in good faith, plaintiff may amend his complaint to allege that
13 defendants deprived him of a constitutional right. Specifically, plaintiff must allege facts
14 showing that defendants' actions both actually and proximately caused the deprivation of a
15 federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062,
16 1085 (9th Cir. 2013). Even at the pleading stage, "[a] plaintiff must allege facts, not simply
17 conclusions, that show that an individual was personally involved in the deprivation of his civil
18 rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Although the federal rules
19 require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of
20 the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)
21 (citations omitted). "Factual allegations must be enough to raise a right to relief above the
22 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations
23 omitted).

24     For the reasons stated above, plaintiff's complaint is dismissed for failure to state a
25 cognizable claim for relief. The dismissal is with leave to amend if plaintiff can cure the
26 deficiencies described above.

27 C.    Requests for Appointment of Counsel
28     Plaintiff has filed several requests for appointment of counsel. (Docket Nos. 9, 11, 15.)

1 | These requests are denied for want of exceptional circumstances. *See Rand v. Rowland*, 113

2 | F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25

3 | (1981) (there is no constitutional right to counsel in a civil case). This denial is without

4 | prejudice to the court's *sua sponte* appointment of counsel at a future date should the

5 | circumstances of this case warrant such appointment.

6 | <center>**CONCLUSION**</center>

7 | For the foregoing reasons, the court hereby orders as follows:

8 | 1.    Plaintiff's complaint is DISMISSED with leave to amend.

9 | 2.    If plaintiff can cure the pleading deficiencies described above, he shall file an

10 | AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended

11 | complaint must include the caption and civil case number used in this order (C 15-1139 LHK

12 | (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must

13 | indicate which specific, named defendant(s) was involved in each cause of action, what each

14 | defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.

15 | Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an

16 | amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that

17 | demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an**

18 | **amended complaint within thirty days and in accordance with this order will result in a**

19 | **finding that further leave to amend would be futile, and this action will be dismissed.**

20 | 3.    Plaintiff is advised that an amended complaint supersedes the original complaint.

21 | "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

22 | in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

23 | Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*

24 | *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

25 | 4.    It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the

26 | court informed of any change of address by filing a separate paper with the Clerk headed "Notice

27 | of Change of Address," and must comply with the court's orders in a timely fashion. Failure to

28 | do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 7/20/2015

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\LHK\CR.15\Newsome139dwla.wpd          5